THE LAW OFFICE OF NATHAN D. BORRIS, ESQ.
Nathan D. Borris, Esq. SBN 266090
1380 A Street
Hayward, CA 94541
(510) 581-7113
(510) 581-7112 Fax
nateborris@gmail.com

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In Re:

LAUREN J. MASSA-LOCHRIDGE,

    Debtor

)   Case No.: 19-42592 RLE
)   Chapter 13
)
)   **DEBTOR'S REPLY TO CREDITOR US**
)   **BANK'S OBJECTION TO**
)   **CONFIRMATION OF MODIFIED**
)   **CHAPTER 13 PLAN**
)
)   Date: June 2, 2021
)   Time: 1:30PM
)   Location: Via Zoom/Teleconference
)
)

    On April 5, 2021, Debtor LAUREN J. MASSA-LOCHRIDGE filed a motion to modify her Chapter 13 Plan. The confirmed Plan provides for full repayment of all secured and unsecured claims other than those subject to long-term contractual repayment. Among those claims is a secured claim against the Debtor's primary residence held by creditor U.S. BANK, N.A. AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST (hereinafter, "US Bank").

    US Bank's proof of claim indicates a prepetition arrearage of $427,243.91, which the confirmed Plan pays in full within the life of the Plan. The confirmed Plan also provides for full repayment of post-petition arrears owed to US Bank in the amount of $28,970.20

1

($547.00 per month) and conduit payments for future mortgage payments that will come due during the term of the confirmed Plan, currently at $4,281.43 per month. Pre-petition arrears are paid at the rate of $8,220.00 per month, to begin on the ninth month of the confirmed Plan, which will pay the full arrearage claim over the next 52 months, concluding on the final month of the confirmed Plan.

Due to unexpected expenses recently incurred, including delayed medical care and expenses related to equipping her home to facilitate her exclusively work-from-home employment, the Debtor sought a temporary reduction in her Plan payments (see Declaration of Debtor in Support of Motion to Modify Confirmed Chapter 13 Plan, Docket No. 80, Attachment No. 2). This included a temporary suspension of the prepetition arrearage payment of $8,220.00 to US Bank, but on the basis that the Trustee was paying US Bank more than that amount each month so far, the prepetition arrearage claim will still be paid in full by the 60th month of the Plan, as the confirmed Plan already provides. US Bank notes in its Objection that Debtor admitted at the time of filing of the Motion to Modify she had only paid $65,788.03, but as of today's date the Trustee will have paid $74,008.03 on the prepetition arrearage claim, an amount slightly *higher* than the $73,980.00 amount the confirmed Plan proposes to pay by this date[1]. In other words, Debtor has only heretofore paid $74,008.03 because she is only 25% complete with her Plan.

## ARGUMENT

US Bank argues that the proposed modification violates 11 U.S.C. § 1322(b)(2) as an impermissible modification of a claim secured by the debtor's principal residence. US Bank also appears to object to the modification on the basis it believes the modification suspends payment of the post-petition conduit mortgage payments. It does not, in fact, and conduit

---

[1] The Trustee has disbursed $65,788.03 on the prepetition claim as of today's date but has a balance on hand of $12,955.95, to be distributed if and when the Motion to Modify is granted, pursuant to the terms thereof.

mortgage payments are to continue, unaffected, for the remaining life of the Plan.  Likewise, the modification maintains regular and continuing payments of $547.00 for the post-petition arrears, and, notwithstanding those post-petition claims provided for in the Plan, Debtor is otherwise current on post-petition contractual obligations to US Bank.  The only material difference is that the prepetition arrearage payments are temporarily suspended but will still be paid in full before completion of the Plan.  If anything, the modification defers payment on priority and general unsecured claims to later in the Plan, but no unsecured creditor has opposed Debtor's Motion to Modify.

With respect to 11 U.S.C. § 1322(b)(2), while the loan is indeed secured by the debtor's principal residence, payments in a plan to cure a prepetition default on such a claim do not constitute a modification of the claim.  11 U.S.C. § 1322(b)(5) specifically states that, *notwithstanding* subsection (b)(2), the plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due. . . ."  The Plan, as proposed to be modified, does just that.

Fundamentally, US Bank will be paid its prepetition arrears in full within the same timeframe under the modified Plan as it would have under the current confirmed Plan.  The modification also does not create any additional post-petition arrearage as payments on the post-petition arrearages and post-petition mortgage payments will continue to be made every month.  US Bank has already consented to the non-standard provision under section 7.01 of the Plan with respect to the handling of previously incurred post-petition arrears, and this modification does not affect that provision as it stood at the time of confirmation.

WHEREFORE, the Debtor herein respectfully requests that the Court overrule US Bank's Objection and GRANT her Motion to Modify Confirmed Chapter 13 Plan.

Dated: May 10, 2021

/s/ NATHAN D. BORRIS, ESQ.
Nathan D. Borris, Esq.
*Attorney for Debtor*

4

# CERTIFICATE OF SERVICE

I, Nathan D. Borris, certify that the following is true and correct:

I am employed in Hayward, County of Alameda, California, am over the age of eighteen years, and am not a party to the within entitled case. My business address is 1380 A Street, Hayward, CA 94541.

On May 10, 2021, I served a DEBTOR'S REPLY TO CREDITOR US BANK'S OBJECTION TO CONFIRMATION OF MODIFIED CHAPTER 13 PLAN via the Court's Notice of Electronic Filing (NEF).

I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Bank's Attorney - Diane V. Weifenbach – diane@attylsi.com
Chapter 13 Trustee Martha G. Bronitsky - 13trustee@oak13.com
UST: ustpregion17.oak.@usdoj.gov

I declare under penalty of perjury of the laws of the United States the foregoing to be true and correct to the best of my knowledge.

Dated: May 10, 2021

/s/ NATHAN D. BORRIS, ESQ.
Nathan D. Borris, Esq.

5

Case: 19-42592    Doc# 85    Filed: 05/10/21    Entered: 05/10/21 09:26:27    Page 5 of 5